UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Muhammad Al Mujahidin, # 103968, | ) C/A No. 9:13-456-MGL-BM |
| Plaintiff, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| Penny Morton; | ) (Partial Summary Dismissal) |
| P. Talbert; | ) |
| Leroy Cartledge; | ) |
| F. Mursier; Chaplin Barker; | ) |
| McCI; | ) |
| Ms. Holmes, NFN, all in their indvid capacities, and | ) |
| SCDC, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a state prison inmate. Muhammad Al Mujahidin ("Plaintiff") is incarcerated at the McCormick Correctional Institution, part of the South Carolina Department of Corrections ("SCDC") prison system. In the Complaint submitted in this case (ECF No. 1), he alleges that his constitutional rights are being violated by the conditions of his confinement there. Plaintiff's allegations primarily revolve around the extent of his access to the law library and legal materials and about his ability to practice religion while in administrative segregation at the prison. He also alleges that he is not allowed to fully utilize the inmate grievance system at McCormick. *Id*. at 3-5. Finally, Plaintiff contends that SCDC policies that restrict his ability to practice his religion and access legal materials are unconstitutional. He seeks only injunctive relief against Defendant SCDC, but requests damages from the other Defendants. *Id*. at 6.



Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003).

However, even when considered under this less stringent standard, the undersigned finds for the reasons set forth hereinbelow that the Defendants Talbert, Holmes, and Morton are entitled to dismissal as party defendants without service of process under the provisions of 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### **DISCUSSION**

Plaintiff seeks damages and injunctive relief from Defendants Talbert and Holmes, both identified as "grievance coordinators" (ECF No. 1, Compl. 3), because of the way they run the inmate grievance system at the McCormick Correctional Institution. Plaintiff alleges that these Defendants do not process some of his grievances and refuse to provide status information about



those grievances they do accept. Plaintiff alleges that this conduct violates his first amendment right to petition the government for redress. *Id*. However, it is well settled that prison inmates have no federal constitutional right to have *any* inmate grievance system in operation at the place where they are incarcerated. *See*, *e.g.*, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Brown v. Dodson*, 863 F. Supp. 284, 285 (W.D. Va. 1994). Furthermore, simply because a state or local authority chooses to establish an inmate grievance system, that choice does not confer any substantive constitutional right on the prison inmates or pre-trial detainees. *See Mann*. As a result, even if corrections officials fail to properly apply an inmate grievance procedure, as Plaintiff contends is the case here, Talbert and Holmes cannot be held liable to Plaintiff under 42 U.S.C. § 1983[1] based on the allegations put forth against them by Plaintiff, and his Complaint should be partially dismissed as to these allegations, and Holmes and Talbert should be dismissed as party Defendants. *See Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986); *Azeez v. DeRobertis*, 568 F. Supp. 8, 9-11 (N.D. Ill. 1982).

With respect to the Defendant Morton, Plaintiff alleges that this Defendant violated his constitutional right of access to the courts because she enforces SCDC restrictive policies governing legal materials for inmates in administrative segregation. Prison or jail officials can deny prisoners their right to access the courts by depriving them of a "reasonably adequate opportunity"

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this court's subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint, thus this Report is limited to discussion of the plausibility of § 1983 claims only.



to challenge their sentence or conditions of confinement. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Lewis v. Casey,* 518 U.S. 343, 354-55 (1996). However, depriving prisoners of this opportunity only "in some theoretical sense" will not establish a violation of the right to access the courts. *Lewis,* 518 U.S. at 351. Rather, a prisoner seeking to assert an access-to-court claim under § 1983 must specifically allege facts that would support a finding that jail or prison officials' conduct inflicted an "actual injury," *i.e.*, that the conduct hindered his efforts to pursue a non-frivolous legal claim. *Id.* at 351-53; *see Magee v. Waters*, 810 F.2d 451 (4th Cir.1987) (actual injury required of city jail inmate who received books after delay and was allowed one hour of library time a week). The Complaint only alleges unsatisfactory access to legal materials. Plaintiff does not provide any factual allegations that indicate any hindrance with filing cases in this court, much less an "actual injury" as required to state a plausible claim. Hence, Plaintiff's allegations against Defendant Morton concerning denial of access to the courts fail to state a claim, this claim should be dismissed, and Morton should be dismissed as a party Defendant.

## RECOMMENDATION

Based on the foregoing, it is recommended that the Court dismiss Talbert, Holmes, and Morton as party Defendants in this case, as well as the claims asserted against these Defendants for failure to adhere to the prison grievance policy[2] and denial of access to the courts. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should

---

[2]If a defense of failure to exhaust the prison grievance procedures with respect to Plaintiff's claims is pled by the remaining Defendants, the Court will still consider the factual allegations of the Complaint relating to the alleged manner of operation of the grievance system by prison officials as part of any ruling addressing that issue.

4



review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on the remaining Defendants: Cartledge, Mursier, Barber, and SCDC, with respect to Plaintiff's remaining claims.

        Plaintiff's attention is directed to the important notice on the next page.

_____

Bristow Marchant
United States Magistrate Judge

May 3, 2013
Charleston, South Carolina



5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

