IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Muhammad Al Mujahidin, #103968,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>Penny Morton; P. Talbert; Leroy Cartledge; F.  )<br>Mursier; Chaplin Barber; Ms. Holmes, NFN,  )<br>all in their individual capacities, and SCDC,  )<br>  )<br>Defendants.  )<br>_____  ) | Civil Action No.: 9:13-456-MGL<br><br>**ORDER AND OPINION** |

The matter is before the court for review of the Report and Recommendation of the United States Magistrate Judge who recommends that Plaintiff's complaint be summarily dismissed, without prejudice and without issuance of process, as to Defendants Penny Morton, P. Talbert, and Ms. Holmes. For the reasons set forth below, the Court accepts and adopts the Report and Recommendation of the Magistrate Judge.

**Background**

Plaintiff Muhammad Al Mujahidin ("Plaintiff") is an inmate in custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff is currently housed at McCormick Correctional Institution in McCormick, South Carolina. Plaintiff proceeding *pro se* filed the instant action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were being violated due to the conditions of his confinement. (ECF No. 1). More specifically, Plaintiff alleged that Defendants P. Talbert and Ms. Holmes are "grievance coordinators" at McCormick Correctional Institution who violated his first amendment right to petition the government for redress due to the manner in which they operated the grievance system. Further, Plaintiff alleged that Defendant Penny Morton violated

1

his constitutional right to access the court due to her enforcement of SCDC restrictive policies regarding legal materials for inmates in administrative segregation.

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On May 3, 2013, Magistrate Judge Marchant issued a Report and Recommendation recommending *inter alia* that the court dismiss Defendants Penny Morton, P. Talbert, and Ms. Holmes from this case without prejudice and without issuance and service of process. (ECF No. 18). The Magistrate Judge further recommended that the Complaint be served on the remaining Defendants Leroy Cartledge, F. Mursier, Chaplin Barber, and SCDC. Plaintiff was advised of his right to file objections to the Report and Recommendation on May 3, 2013, and his objections were due on May 20, 2013. *Id.* Plaintiff was also advised of the possible consequences if he failed to object to the Magistrate Judge's Report and Recommendation.

The Court adopted the Magistrate Judge's Report and Recommendation on May 28, 2013 without providing an explanation as is allowed when no objections are filed. (ECF No. 26). *See Camby v. Davis*, 718 F. 2d 198, 199 (4th Cir. 1983). On June 3, 2013, Plaintiff filed untimely objections to the Magistrate Judge's Report and Recommendation. (ECF No. 31). Then, on June 11, 2013, Plaintiff filed a motion for reconsideration (ECF No. 33) wherein Plaintiff indicated that he had attempted to file objections to the Report and Recommendation but that the objections were "inadvertently mailed to the wrong address." *Id.* at 2. In an abundance of caution and in the interest of justice, the Court, on June 17, 2013, granted Plaintiff's motion for reconsideration and vacated its prior order. (ECF No. 36).

## Legal Standard

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

## Discussion

In this action Plaintiff objects to the dismissal of Defendants P. Talbert, Ms. Holmes and P. Morton. After a careful review of Plaintiff's objections, it is fair to say that the Plaintiff does not make any specific objections to the Report and Recommendation. Rather, the Plaintiff's response to the Report and Recommendation merely rehashes many of the same allegations raised in his complaint and disputes the Magistrate Judge's conclusion that Defendants P. Talbert, Ms. Holmes and P. Morton should be dismissed. After a thorough review of the record, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law and that the Plaintiff's objections are without merit and are hereby overruled.

## CONCLUSION

Accordingly, after thorough review of the record, the applicable law, the Magistrate Judge's Report and Recommendation and Plaintiff's objections, the Court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED without prejudice and without issuance and service of process as to Defendants Penny Morton, P. Talbert and Ms. Holmes.

    IT IS SO ORDERED.

                                                  /s/Mary G. Lewis  
                                                  United States District Judge

June 20, 2013  
Spartanburg, South Carolina